UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-60220-DIMITROULEAS

UNITED STATES OF AMERICA,

v.

TIRRELL CALDWELL,

Defendant.

_____/

FILED BY____AT____D.C.

**Jan 30, 2023**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTL

## DETENTION ORDER

THIS MATTER came before the Court upon the Government's motion to detain the Defendant, Tirrell Caldwell, prior to trial and until the conclusion thereof.  On January 30, 2023, I conducted a hearing to determine whether any condition or combination of conditions of release will reasonably assure the appearance of the Defendant as required and the safety of any person and the community, during which I received evidence and heard argument of counsel.  *See* 18 U.S.C. § 3142(f).  Having considered that evidence and those arguments, as well as the statutory factors in 18 U.S.C. § 3142(g), I hereby GRANT the Government's motion and order Defendant Tirrell Caldwell detained prior to trial, for the reasons stated on the record at the hearing and as further discussed below in accordance with the provisions of 18 U.S.C. § 3142(i).

A.    INTRODUCTION

The Defendant is charged by Indictment with possession of a firearm by a convicted felon in violation of Title 18, United States Code, Section 922(g)(1).  The United States sought detention on the bases of risk of non-appearance and danger to the community.  In order to detain a defendant pending trial, the Government must establish by preponderance of the evidence that no condition or combination of conditions will reasonably assure the Defendant's appearance as required.

1

*United States v. Medina*, 775 F.2d 1398, 1402 (11th Cir. 1985).  The Government must establish by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any individual or the safety of the community.  18 U.S.C. § 3142(f)(2).  In determining whether the Government has met its burden by the requisite standard of proof, this Court must take into account the factors enumerated in 18 U.S.C. § 3142(g).

B.      FINDINGS OF FACT

The evidence adduced at the pretrial detention hearing consisted of the testimony of ATF Special Agent James Tyler Houk[1] and the facts contained in the Pretrial Services Report (PTSR). I considered all of this evidence in making my findings.

1.   Special Agent Houk's Testimony

According to Special Agent Houk's testimony, on January 25, 2022, Broward Sheriff's Office detectives and ATF special agents were called to assist probation officers from the Florida Department of Corrections who were conducting administrative searches of multiple probationers. The Defendant was one of those probationers.   Probation officers went to the Defendant's residence in the early morning.  When they knocked on the residence door, the Defendant opened the door.  The Defendant was not wearing a shirt and indicated that he had been asleep.  The Defendant also stated that only he and his four-year-old stepson were present in the residence.  The Defendant was allowed to re-enter the residence to get his stepson.   Probation officers then searched the residence, which consisted of a living room and kitchen area, one bedroom, and one bathroom and totaled approximately 500 square feet.  In the bedroom, probation officers observed an extended magazine protruding from under a pillow on the bed.

---

[1] Special Agent Houk's direct examination testimony was presented via proffer.

Under the pillow was a Glock handgun attached to the extended magazine. The handgun under the pillow was located next to where the four-year-old stepson had been sleeping. Once the law enforcement officers on scene became aware of the firearm, they obtained a state search warrant and executed that warrant that morning. In executing the search warrant, they found the aforementioned firearm with 31 rounds of ammunition in its magazine (its full capacity). They also found an additional magazine with 14 rounds of ammunition, a Glock speed loader, and clothing belonging to the Defendant. Belongings of the Defendant's girlfriend and the four-year-old were also present in the bedroom.

In a recorded, post-*Miranda* interview, the Defendant admitted knowing that there was at least one firearm in the residence. He stated that it belonged to his girlfriend (the mother of the four-year-old). The Defendant stated that his DNA would not be found on the firearm. The Defendant admitted that he is a convicted felon and also discussed with agents his association with the Third World gang. The Defendant also voluntarily provided a DNA sample. Agents later interviewed the Defendant's girlfriend. She stated that she had purchased the Glock firearm that had been found. She stated that the Defendant had helped her to load it, so his DNA would likely be on the firearm as well as hers. The girlfriend also stated that she had previously owned a different firearm. Agents located pawn shop paperwork related to another firearm in the residence but did not locate any paperwork corresponding to the discovered Glock.

DNA swabs were taken from various places on the firearm and magazines and submitted to a lab for analysis. The lab identified a mixture of three people's DNA in the grip and trigger area of the firearm and a mixture of four people's DNA on the sight and slide area of the firearm. Based on comparisons with the Defendant's DNA, the lab found an astronomically high probability that the Defendant contributed to the DNA found in both the grip and trigger area and

3

the sight and slide area of the firearm.

The discovered Glock firearm had a serial number, has not been reported stolen, and has not (to Special Agent Houk's knowledge) been connected to any other offenses.

2. Pretrial Services Report

The Pretrial Services Report notes that the Defendant is 23 years old.  He was born in Boca Raton, Florida and has resided in South Florida area his entire life.  He is currently incarcerated and has been incarcerated for the last year.  His mother and father reside in separate residences in Deerfield Beach, and he has six adult siblings that reside in South Florida.  The Defendant is unemployed due to his incarceration.  He previously worked as a laborer for a kitchen hood repair company and as a car wash salesman.  He has neither any assets nor debts.  Prior to his incarceration, he used marijuana two-three times weekly.

The Defendant has a significant criminal history.  He had a series of juvenile withheld adjudications for burglaries of unoccupied conveyances and burglaries of unoccupied dwellings between ages 16 and 18.  At age 18, he committed the offenses of carrying a concealed firearm, possession of cocaine, and resisting an officer without violence.  At age 19, he committed the offense of robbery, for which he was placed on two years of probation beginning January 6, 2022.  He also committed a separate offense involving trespassing with a dangerous weapon, carrying a concealed firearm, and resisting arrest without violence.

C.   STATEMENT OF REASONS FOR DETENTION

Title 18, United States Code, Section 3142(g) requires the Court to consider the nature and circumstances of the offense, the weight of the evidence against the Defendant, the history and characteristics of the Defendant, and the nature and seriousness of any danger to a person or to the community caused by the Defendant's release.  After considering those factors in detail as

4

described below, and based upon the above findings of fact by clear and convincing evidence, the Court concludes that no condition or combination of conditions will reasonably assure the safety of any other person and the community.  18 U.S.C. § 3142(e).

    1.  <u>The nature and circumstances of the offense charged.</u>

The alleged offense is serious because it involves the possession of a loaded firearm by someone with multiple felony convictions.  Although it is not an offense that triggers a presumption of detention, involvement of a firearm is one of the factors that the statute instructs the Court to consider in weighing the nature and circumstances of the offense.  *See* 18 U.S.C. § 3142(g)(1).  Furthermore, the firearm in question had an extended magazine, fully loaded with 31 rounds of ammunition, with another magazine (with another 14 rounds) nearby.  The amount of ammunition, combined with a "speed loader" also found in the same room increases the potential danger from such a firearm.  Additionally, it cannot be ignored that the firearm was found under a pillow next to where a four-year-old child was sleeping.  In other words, the firearm was unsecured and in dangerous proximity to young child.  Therefore, this factor weighs in favor of finding a high degree of danger.

    2.  <u>The weight of the evidence against Defendant.</u>

The weight of the evidence against the Defendant is moderately strong.  The firearm was found under a pillow in the bed where the Defendant was sleeping, in a residence where he was habitually residing (based on it being his listed residence with the state probation officers).  His statement and his girlfriend's statement both represent that the firearm belonged to his girlfriend, who also resided in the residence and who also stated she previously possessed a different firearm.  Thus, it is possible that the Defendant will present a convicing defense at trial that the firearm was only in his girlfriend's possession, and not his.  However, the proximity of the firearm to the

Defendant (when his girlfriend was not home), the fact that it was unsecured and accessible to the Defendant, and (most importantly) the presence of the Defendant's DNA on multiple parts of the firearm all combine to constitute clear and convincing evidence that the Defendant had at least joint possession of the firearm.  Moreover, the clear and convincing evidence that the Defendant had easy, ready access to the loaded firearm weighs in favor of finding a high degree of danger.

3.  Defendant's history, characteristics, and criminal history.

The Defendant is lifelong residence in South Florida, and the fact that multiple close family members reside in the area weigh against finding that the Defendant poses a significant risk of flight.  Although the Defendant faces a significant prison sentence if convicted, the presence of multiple family members and the lack of any obvious place to flee suggest that he does not pose such a risk of non-appearance that the Court could not fashion conditions to reasonably assure his appearance.

The Defendant's criminal history, however, suggests a high risk of danger.  As detailed above, the Defendant has had a continuous string of convictions and withheld adjudications since the age of 16.  His offenses include multiple potentially dangerous offenses of burglary and robbery.  Moreover, he has sustained two convictions for carrying a concealed firearm.  In other words, he has a repeated, consistent history of dangerous behavior that includes illegal possession of firearms.  Very significantly, the instant offense occurred while the Defendant was on probation (and merely a few weeks after that term of probation was imposed).  The Defendant's repeated illegal possession of firearms and the clear and convincing evidence indicating possession of a firearm while on probation all point towards a high probability of danger that cannot be mitigated through conditions.

4.  <u>The nature and seriousness of the danger to any person or the community that would be posed by Defendant's release.</u>

The circumstances outlined above all suggest that the Defendant would pose a danger to the community if released.  The nature and consistency of his criminal violations and involvement of firearms, combined with his apparent willingness to possess or have ready access to firearms despite his probation, indicate a high likelihood that such behavior would continue despite conditions the Court could set.

5.  <u>Conclusion</u>

As described above, the nature and seriousness of the offense, the weight of the evidence, the Defendant's history, characteristics, and criminal history, and the risk posed by the Defendant's release all weigh in favor of granting the Government's motion for pretrial detention.  All of those factors show that the Defendant poses a danger to the community and has difficulty abiding by conditions of release.  Although there are likely conditions that I could set to reasonably assure his appearance, I find that there are no conditions or combination of conditions that will reasonably assure the safety of the community if the Defendant is released.

D.  <u>DISPOSITION</u>

Being fully advised, the Court hereby ORDERS that the Defendant, Tirrell Caldwell, be detained prior to trial and until the conclusion thereof.

The Court further ORDERS:

1.  That the Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2.  That the Defendant be afforded reasonable opportunity for private consultation with counsel; and

7

3.      That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Fort Lauderdale, Florida this 30th day of January 2022.

Jared M. Strauss
**United States Magistrate Judge**

Copies to:

Counsel of Record
United States Marshal
United States Pretrial Services